NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IDALIA DEL CARMEN VENTURA-DE MARTINEZ; J. S. M.-V., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-183 <br><br> Agency Nos. <br> A094-801-627 <br> A094-801-628 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Idalia Del Carmen Ventura-De Martinez and Jancy Sarai Martinez-Ventura, natives and citizens of El Salvador, seek review of the Board of Immigration Appeals' (BIA) order denying their untimely motion to reopen their removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Ventura-De Martinez and her daughter Martinez-Ventura (together, Petitioners) entered the United States in August 2006 and were immediately placed in removal proceedings. In July 2008, Ventura-De Martinez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which an Immigration Judge denied in January 2011.[1] In February 2010, Ventura-De Martinez gave birth to her first U.S.-citizen child. In April 2012, the BIA dismissed their appeal. Once the order of removal became final, Petitioners remained in the United States. Ventura-De Martinez gave birth to two more U.S.-citizen children. In March 2024, about 12 years after the BIA's final order of removal, Petitioners filed a motion to reopen so they could apply for cancellation of removal under 8 U.S.C. § 1229b(b)(l). The BIA denied the motion as untimely.

We review the BIA's denial of motions to reopen for abuse of discretion. *Cano-Merida v. INS.*, 311 F.3d 960, 964 (9th Cir. 2002). "The BIA abuses its discretion when its decision is arbitrary, irrational or contrary to law." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021) (citation omitted). "We review legal and constitutional questions de novo." *Gonzalez-Lara v. Garland*, 104 F.4th 1109,

---

[1] Martinez-Ventura is a derivative beneficiary of Ventura-De Martinez's application.

1111 (9th Cir. 2024).

1.  <u>Motion to reopen.</u>  The BIA did not abuse its discretion in denying as untimely Petitioners' motion to reopen.  A motion to reopen must generally be filed within 90 days of the agency's final order of removal.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).  The deadline may be equitably tolled, however, if the petitioner can show (1) "some extraordinary circumstance" prevented its timely filing and (2) the petitioner "acted with due diligence in pursuing his rights."  *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (citation omitted).  Both changes in law and ineffective assistance of counsel may qualify as an extraordinary circumstance warranting equitable tolling.  *See Lona v. Barr*, 958 F.3d 1225, 1230-31 (9th Cir. 2020).

First, the BIA did not abuse its discretion by declining to equitably toll the approximately nine years that passed between the agency's 2012 final order of removal and the Supreme Court's 2021 decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021).  In *Niz-Chavez*, the Supreme Court held that, if an applicant receives a notice to appear (NTA) that fails to specify the place, date, and time of the applicant's first immigration proceeding, then that NTA cannot stop the accrual of time for determining whether the applicant has the requisite ten years of physical presence in the United States needed to qualify for cancellation of removal.  *Niz-Chavez*, 593 U.S. at 158-59, 170-71.  Because their NTA failed to specify the date

and time of their first hearing, Petitioners sought to use this change to the stop-time rule to reopen their proceedings and seek cancellation of removal.

But the BIA did not abuse its discretion in concluding that the *Niz-Chavez* decision did not warrant equitably tolling Petitioners' deadline to file a motion to reopen. As the BIA noted, Petitioners were not eligible for cancellation of removal at the time of the agency's 2012 final order of removal because they lacked the requisite ten years of physical presence needed (regardless of how one calculated it). *See* 8 U.S.C. § 1229b(b)(1). In other words, there was no potential error underlying the agency's final order of removal that might require correction in light of *Niz-Chavez*'s intervening guidance. Even if *Niz-Chavez* had been the law at the time of the agency's final order of removal, the result would have been the same.

Similarly, the BIA did not abuse its discretion in concluding that the "natural passage of time"—and its attendant changes to Petitioners' situation—did not constitute "extraordinary circumstances" warranting reopening. *See INS v. Rios-Pineda*, 471 U.S. 444, 449-50 (1985) (recognizing the BIA had the authority to deny a motion to reopen based upon "intervening circumstances" that accrued following a deportation order); *Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 161 (BIA 2020) (holding "equities that were acquired while [the petitioner] remained illegally in the United States after being ordered removed . . . do not constitute such truly exceptional circumstances as to warrant discretionary reopening").

Second, the BIA did not abuse its discretion by declining to equitably toll the approximately three years between the Supreme Court's 2021 decision in *Niz-Chavez* and Petitioners' 2024 motion to reopen. As the BIA noted, Petitioners' motion to reopen "would have been untimely even if it were filed within 90 days of the *Niz-Chavez* decision" because *Niz-Chavez* itself did not warrant equitable tolling. Accordingly, any argument that Petitioners' former counsel provided ineffective assistance of counsel by failing to timely file a motion to reopen soon after the *Niz-Chavez* decision is moot. The motion would still have been approximately nine years too late. Furthermore, as the BIA noted, Petitioners "offer no evidence" that they exercised due diligence in pursuing their rights during the time between their former counsel's death in July 2022 and their retention of new counsel who filed a motion to reopen in March 2024.

2. <u>Sua sponte reopening</u>. We lack jurisdiction to review the BIA's conclusion that Petitioners' case "does not present an exceptional situation" warranting sua sponte reopening. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). We have jurisdiction to review such decisions only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Here, we find no legal or constitutional error in the BIA's application of its discretionary power to reopen proceedings sua sponte.

**PETITION DENIED IN PART AND DISMISSED IN PART.** [2]

---

[2] Petitioners' motion for a stay of removal, **Dkt. 3,** and supplemental motion for a stay of removal **, Dkt. 15,** are **DENIED**.